IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICHARD L. JOHNSON, #743535
        Plaintiff,
vs.                                                         Case No. 5:08cv300/RS/EMT

SGT. JIMMY CRAWSON, et al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 4).

        Because Plaintiff is a prisoner proceeding in forma pauperis, the court is required to dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

        Questions A and B of Section IV of the complaint form ask whether Plaintiff has initiated other actions in state court (question A) or federal court (question B) dealing with the same or similar facts or issues involved in this action (Doc. 1 at 6[1]). Where there is a parenthetical area to mark either a "yes" or "no" answer to question A, Plaintiff marked "no" (*id.*). Where there is a parenthetical area to mark either a "yes" or "no" answer to question B, Plaintiff marked "yes" and then listed <u>Johnson v. DeMarais</u>, Case Number 5:08cv262/RH/MD (*id.*). Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or

---

[1] Page numbers are as assigned by the court's electronic docketing system, not as shown on the paper document.

manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 7). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no" (*id.*). Question D of Section IV asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed" (*id.*). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" and then listed Johnson v. Crawson, Case No. 5:08cv205/RH/MD (*id.*). Thus, Plaintiff has in effect stated that besides the instant lawsuit, he has initiated only one other lawsuit in federal court that deals with the same or similar facts or issues involved in this action; no other federal lawsuits that relate to the fact or manner of his incarceration or conditions of confinement; and only one other lawsuit in federal court that was dismissed as frivolous, malicious, failing to state a claim, or prior to service. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 14).

Upon review of the docket, this court takes judicial notice that as of the date Plaintiff filed the original complaint in the instant case, September 19, 2008 (*see* Doc. 1 at 14), he had previously filed Johnson v. Nurse D. Kent, Case No. 5:04cv144/RH/WCS.[2] This case dealt with the conditions of Plaintiff's confinement and was dismissed as frivolous.[3] Plaintiff did not list Case No. 5:04cv144/RH/WCS in Section IV of his complaint (*see* Doc. 1 at 6–7), even though the case

---

[2] According to the docket, the inmate number of the plaintiff in Case No. 5:04cv144/RH/WCS (#743535) is the same as Plaintiff's.

[3] In Case No. 5:04cv144/RH/WCS, Plaintiff alleged claims under the Eighth and Fourteenth Amendments, as well as the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), based on acts alleged to have occurred at Washington Correctional Institution (*see* Case No. 5:04cv144/RH/WCS, Doc. 12, amended complaint); Plaintiff later dropped the ADA and RA claims (*id.*, Doc. 49). The magistrate judge assigned to the case recommended that the Defendant's motion for summary judgment be granted and judgment be entered in the Defendant's favor, with the notation that Plaintiff's claims were frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) (*see* Doc. 63 at 16). The district court adopted the magistrate judge's recommendation (*id.,* Doc. 66).

qualified as a federal court action that was responsive to questions C (actions relating to conditions of confinement) and D (actions dismissed as frivolous) and should have been listed.

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior action was required and that dismissal of the instant case could result from his untruthful answers.[4] If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

---

[4] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* Doc. 1 at 6) (emphasis and capitalization in original).

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

At Pensacola, Florida, this 3rd day of March 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**